WIRFS v. D. W. BOSLEY CO. et al.

Circuit Court of Appeals, Eighth Circuit.
June 8, 1927.

No. 7629.

1. **Trade-marks and trade-names and unfair competition �köm93(1)—Plaintiff has burden to prove that defendant's advertising cuts, representing common objects, were copied from copyrighted cuts; similarity alone being insufficient.**

That defendant's advertising cuts, representing simple, common objects of trade, were similar to copyrighted cuts, does not show infringement, but burden is on plaintiff to show that alleged infringing cuts were copied directly or indirectly from copyrighted cuts.

2. **Evidence ⊝591—Complainant, calling defendant as witness, is bound by testimony, unless proven false.**

Complainant, who calls defendant as witness, is bound by his testimony, unless he shows it to be false by other competent evidence.

3. **Trade-marks and trade-names and unfair competition ⊝68(1)—Elements of "unfair competition" are fraudulent intent, sale or probable sale by reason of deceit, and damages.**

Indispensable elements of a good cause of action for "unfair competition" by selling goods of one manufacturer or vendor as those of another are (1) the wrongful fraudulent intention of defendant to deceive purchasers of his goods into buying them as goods of another; (2) the sale, or probable sale, of defendant's goods as those of another by reason of defendant's deceitful representations; and (3) damages inflicted on complainant by reason of such fraudulent misrepresentations and sales.

4. **Trade-marks and trade-names and unfair competition ⊝93(3)—Evidence held insufficient to show unfair competition in sale of weather strip door stop.**

Evidence *held* insufficient to establish charge of unfair competition in the sale of weather strip door stop.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit in equity by Edward J. Wirfs against the D. W. Bosley Company and others. From a part of the decree, complainant appeals. Affirmed.

John H. Bruninga, of St. Louis, Mo. (John H. Cassidy, of St. Louis, Mo., on the brief), for appellant.

John C. Carpenter, of Chicago, Ill. (Munday, Clarke & Carpenter, of Chicago, Ill., on the brief), for appellees.

Before SANBORN and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge.
Edward J. Wirfs, the appellant in this case, brought a suit in equity against D. W. Bosley Company, a corporation, and Rodgers Hayne and Arthur Surridge, partners as Hayne-Surridge Company. The defendant Surridge was and is the agent of the Bosley Company, and the copartnership is its authorized distributor of its products, so that their rights and liabilities depend on those of that company, and they will not be farther noticed.

For more than 20 years prior to the commencement of this suit the Bosley Company, and since 1921 Mr. Wirfs, as competitors, have been manufacturing at St. Louis and selling throughout the nation weather strips and gaskets to make as near airtight as possible the doors of refrigerators and the doors and windows of other structures. Wirfs obtained two patents on certain improvements in gaskets, the first on his application filed November 28, 1921, issued January 22, 1924, No. 1,481,451, and the second on his application filed January 8, 1923, issued November 18, 1924, No. 1,516,130.

On February 10, 1925, Mr. Wirfs exhibited his bill in equity in the court below against the Bosley Company, first, for its infringement of each of his patents; second, for its infringement of certain copyrights he had secured; and, third, for unfair competition. The Bosley Company answered, denying the charges. Evidence was introduced, a final hearing was had, and the court below decided, first, that the Bosley Company had infringed the patents of Wirfs, that he should recover from it his damages and the profits the Bosley Company had derived from the use of his inventions, appointed a master to ascertain and report the amount of these profits, and enjoined the Bosley Company from farther infringement; second, "that, as to copyright infringement, the finding be against plaintiff, and the relief prayed for with respect thereto be denied"; and, third, "that defendants have not been guilty of unfair competition against plaintiff and that relief with respect thereto be denied." Thereupon the Bosley Company appealed from the decree and assigned as error that portion thereof which adjudged the validity of the patents and their infringement. That appeal is No. 7630 in this court (20 F.[2d] 629), and is deferred because leave has been granted to the Bosley Company to make a motion in the court below for permission to open the case and present newly discovered evidence of prior use of the patented devices. Mr. Wirfs also appealed from the decree, and assigned the court's denial of any relief to him on account of infringement of his copyrights and unfair competition by Bosley Company as error.

Upon the issue of infringement of the copyrights alleged Mr. Wirfs introduced in

evidence several copyrighted advertising circulars containing cuts portraying doors and windows with his weather strips or gaskets applied thereto, and describing his method of application of them and advertising circulars of Hayne-Surridge Company, which he claimed infringed his copyrights. An examination of all the evidence upon this issue has convinced us that the strongest evidence of infringement of any of the copyrights presented by Mr. Wirfs is that disclosed by the cut called "Door Stop" in his copyrighted circular, Exhibit G, and the cut also called "Door Stop" in the Hayne-Surridge advertising circular, Exhibit H. Counsel for Mr. Wirfs are evidently of the same opinion, for in their brief they write: "The copyright infringement alleged in paragraphs 9 to 17 of the bill of complaint consists of the copying of a certain cut used in plaintiff's copyrighted circulars, Exhibits C, D, E, F, and G, and more particularly the cut marked "Fig. 1," on Exhibit G, by the publication of defendants' circular, Exhibit H. The defense is that plaintiff permitted the publication of an anticipating cut in the National Builder. The issue is whether or not defendants have copied plaintiff's copyrighted cut, or the free cut in the National Builder, or neither."

Here are copies of the three cuts taken from the record:

**End View.**

No. 1 is the anticipating cut from the National Builder.

No. 2 is Wirfs' copyrighted cut.

No. 3 is the alleged infringing cut from defendants' circular, Exhibit H.

[1] These cuts portray simple, common, familiar objects, necessarily and unavoidably similar to each other. But this similarity is far from sufficient under the evidence in this case to sustain this suit for infringement of a copyright. The burden was on Mr. Wirfs to prove that the cut in defendants' circular was not originally conceived, devised, or made by the Bosley Company or its officer or agent, but that it was copied directly or indirectly from his copyrighted cut. He proved the exact contrary. He called Mr. Bosley as his witness, and, after he had been sworn to testify to the truth, on his direct examination by Mr. Wirfs' counsel he testified as follows:

"Q. * * * Where did you get the illustration on Exhibit H? A. Where did I get it?

"Q. Yes. A. The artist made it.

"Q. The artist made it. From what did he make it? A. I showed him how to put the strip on the corner of the door and told him to draw it.

"Q. Wasn't it drawn from one of Wirfs'? A. No, sir.

"Q. Pictures? A. No, sir; it is common application."

[2] A complainant who calls a defendant as a witness is bound by his testimony, unless he can by witnesses or other competent evidence show that his testimony is false. Coonrod v. Kelly (C. C. A.) 119 F. 841, 846; Standard Water Systems Co. v. Griscom-Russel Co. (C. C. A.) 278 F. 703, 705. This testimony of Mr. Bosley, the prior publication of the similar cut in the National Builder in 1922, and the presumption that it was then in the public domain leave no doubt in our minds that there was no substantial mistake of fact or error of law in the conclusion of the court below that Mr. Wirfs is entitled to no relief in equity on account of the alleged infringement of his copyrights, and the decree below upon that subject must be and it is affirmed.

We turn to the claim of counsel for Mr. Wirfs that the proof of unfair competition

by the Bosley Company was so convincing that the refusal of the court below to grant him relief from )it was inequitable. "If a plaintiff has the absolute right to the use of a particular word or words as a trade-mark, then, if an infringement is shown, the wrongful or fraudulent intent is presumed, and, although allowed to be rebutted in exemption of damages, the further violation of the right of property will nevertheless be restrained." Elgin Nat. Watch Co. v. Illinois Watch Co., 179 U. S. 665, 674, 21 S. Ct. 270, 274 (45 L. Ed. 365). This rule is equally applicable to the infringement of patents, and the court below gave Mr. Wirfs the benefit of it in its decree for the defendants' infringement of his patents. But Mr. Wirfs has no such trade-mark and no such presumption of Bosley Company's fraudulent intention in this case for unfair competition. He has his patents and his decree for the infringement of them, but the unfair competition which he claims in this case is the wrongful and fraudulent sale by Bosley Company of its gaskets and weather strips as his gaskets and weather strips, and one of the indispensable elements of his recovery for this wrong is proof of the Bosley Company's fraudulent and wrongful intention to deceive and defraud those purchasing its gaskets as those of Wirfs, and in this and other like cases "such circumstances must be made out as will show wrongful intent in fact, or justify that inference from the inevitable consequences of the act complained of." 179 U. S. 674, 21 S. Ct. 274. Chief Justice Fuller, in Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 551, 11 S. Ct. 396, 402 (34 L. Ed. 997) said: "But the deceitful representation or perfidious dealing must be made out or be clearly inferable from the circumstances." In Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S. 118, 140, 25 S. Ct. 609, 614 (49 L. Ed. 972) he said: "The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another; and if defendant so conducts its business as not to palm off its goods as those of complainant, the action fails." The general rules governing actions of this nature were stated by this court in Allen B. Wrisley Co. v. Iowa Soap Co., 122 F. 796, 798, by Judge Dayton in Handel Co. v. Jefferson Glass Co. (D. C.) 265 F. 286, 288, 289, 290, and by the Circuit Court of Appeals of the Second Circuit in Charles Broadway Rouss, Inc., v. Winchester Co., 300 F. 706, 723.

[3] Indispensable elements of a good cause of action for unfair competition by selling or palming off the goods of one manufacturer or vendor as those of another are, first, the wrongful fraudulent intention of the defendant to deceive purchasers of his goods into buying them as the goods of another; second, the sale or the probable sale of the defendant's goods as those of another by reason of the defendant's deceitful representations; and, third, damages inflicted upon the complainant by reason of such fraudulent misrepresentations and sales.

[4] Gaskets are generally used on refrigerator doors, and weather strips on the doors, windows, and other openings of buildings. They all have the same general characteristics, and the terms "gaskets" and "weather strips" are used interchangeably. We will use the term "gaskets" as including both gaskets and weather strips. The prevailing form of a gasket consists of a long cylindrical or tubular roll of yielding packing, made of soft, fibrous cords, or other similar material, inclosed in the middle portion of a strip of preferably water proof fabric. The middle portion of the fabric incloses the tubular roll, and the sides or marginal portions of the strip form a lap or flange by means of which the gasket may be tacked or attached to the window, door, or other object where it is used. This tacking lap is normally composed of the two marginal portions of the inclosing strip, making a two-ply tacking lap. These marginal portions have been folded and stitched in different ways by different manufacturers at different times. The Bosley Company had been manufacturing and selling this gasket with the two marginal portions free, making a two-ply tacking lap, for more than 20 years when about September 3, 1923, and from that time until March, 1924, it made and sold gaskets the two plies of which were turned back on themselves and stitched together near the edge of the lap, thereby making a four-ply tacking lap.

This form of gasket is that patented to Wirfs in his first patent issued on January 22, 1924, about four months after the Bosley Company commenced to use it. Thereupon the Bosley Company stopped making or using this form of gasket in March, 1924, doubtless to prevent infringement upon that first patent. From the latter part of 1923 until the commencement of this suit the Bosley Company made and sold three-ply, single-stitch gaskets. On November 18, 1924, the second patent to Mr. Wirfs was issued for a gasket with a four-ply tacking lap, with two rows of stitching therein, one at the junction of the tacking lap with the tubular roll, and the other through the tacking lap at the outer

edge thereof. After Mr. Wirfs obtained his patents he was manufacturing and selling gaskets such as are described therein, and before he obtained these patents he was manufacturing and selling gaskets quite similar to those of the Bosley Company. This story of the changes of the forms of the gaskets of these active competitors impresses our minds with the view that the Bosley Company was endeavoring to protect its own trade and business from the aggression of Mr. Wirfs, rather than trying by deceit or fraud to sell its gaskets as those of the plaintiff.

Counsel for Mr. Wirfs earnestly argue that the form and contents of the advertising circulars and cards of the Bosley Company clearly show, by their similarity to those of Mr. Wirfs, a persistent and intentional endeavor on its part to sell its gaskets as those of their client. We have carefully examined and compared each and all of the exhibits which were presented in this case to establish this claim. All or nearly all of the Bosley Company's advertising cards and circulars carry its name in clear bold letters, which one who reads or glances at cannot fail to see. There is similarity in some instances between the advertising of the Bosley Company and that of Wirfs, but neither that nor all the evidence in the case is sufficient in our opinion to warrant us in finding that the Bosley Company had the wrongful and fraudulent intention to sell or palm off its gaskets as those of Mr. Wirfs on either the immediate or remote purchasers thereof.

Counsel call our attention to and we have found no evidence in this record that any purchaser was ever deceived in all these years of competition into purchasing the Bosley Company's gaskets for those of Wirfs, and, as the proof of the actual intent of Bosley Company to deceive or defraud purchasers of its gaskets into buying them as those of Mr. Wirfs and as the proof of any such purchasers fails, that part of the decree below which adjudges that the defendants have not been guilty of unfair competition against Mr. Wirfs must be and it is affirmed.