KAESER & BLAIR, Inc., v. MERCHANTS' ASS'N, Inc.

No. 6142.

Circuit Court of Appeals, Sixth Circuit.

April 7, 1933.

Murray Seasongood and Robert P. Goldman, both of Cincinnati, Ohio (Paxton & Seasongood and Evans L. DeCamp, all of Cincinnati, Ohio, on the brief), for appellant.

H. A. Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., and G. R. Murray, both of Dayton, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant and appellee are each engaged in selling stationery such as letter-heads, billheads, and calling cards. Each publishes catalogues containing cuts of suitable designs for use on stationery, and each gives to its customers the free use of these designs. The appellee's catalogues are copyrighted, and this suit was brought for infringement of the copyrights, for infringement of appellee's registered trade-mark, and for unfair trade competition. On the hearing of the case the trial court dismissed the charge of trade-mark infringement, but held that the appellant had been guilty of unfair trade competition and of infringement of the appellee's copyrights. It accordingly enjoined the appellant from committing other acts of unfair competition or from making or causing to be made any portion of the copyrighted publications, ordered the appellant to account for and pay over to the appellee any gains or profits which it had theretofore received as a result of its unfair and illegal practices, and referred the cause to a special master to hear evidence and report to the court his finding with respect thereto. It further decreed that the appellant deliver up to the marshal of the court for destruction all infringing copies of its catalogues, together with all plates, materials, matrices, or other means for making such copies.

The proofs show that the goods of each of the parties are sold on orders by mail from catalogues or on orders given to salesmen who exhibit the catalogues and permit the customer to select the designs he wishes for his stationery. No evidence was offered to show the actual misleading of any of appellee's customers or that appellant had ever attempted to palm off its goods as the goods of the appellee. The covers of the catalogues are dissimilar in color, appearance, design, and make-up. The principal place of business of appellant is Cincinnati, Ohio; the principal places of business of the appellee are Dayton, Ohio, and Chicago, Ill. Appellant's name and place of business appear prominently on the outside of its catalogues, and appellee's name, with its places of business, is given equal prominence on its catalogues.

The finding of unfair competition was based upon exhibits introduced in evidence. This court, therefore, cannot give to the finding the weight that attaches to a finding of fact where the court has heard witnesses in open court, but must draw its own deductions and conclusions from an examination of the exhibits. The Natal (C. C. A.) 14 F.(2d) 382, 384; W. H. Anderson Co. v. Baldwin Law Pub. Co., 27 F.(2d) 82, 86 (6 C. C. A.); Nashua Mfg. Co. v. Berenzweig (C. C. A.) 39 F.(2d) 896, 897. Upon considering and comparing the exhibits, we are unable to conclude that appellant has been guilty of practicing any unfair trade methods. Wirfs v. D. W. Bosley Co. (C. C. A.) 20 F.(2d) 632, 635; Wornova Mfg. Co. v. McCawley & Co. (C. C. A.) 11 F.(2d) 465. The danger of confusion or deception which might otherwise exist seems to us to be entirely eliminated by the method of sale which the parties have adopted. Neither sells over the counter; both sell directly to the consumer on orders by mail or through salesmen; and the appellant's catalogues, as we have seen, are too unlike appellee's in color and appearance to lead to deception as to the origin of the goods. Cf. Oil Conservation Engineering Co. v. Brooks E. Co., 52 F.(2d) 783, 785 (6 C. C. A.); Hazelton Boiler Co. v. Hazelton Tripod Boiler Co., 142 Ill. 494, 508, 30 N. E. 339.

Nor has the appellant been guilty of unfair competition in using appellee's method of doing business. It is not unfair practice to use a method that some one else has devised and found effective. To hold that it is would be to foster monopolies and stifle competition. It is the doing of an act which misleads or is intended to mislead the public as to the origin of the goods that is unfair competition. This was the ground of decision in Meccano v. Wagner (D. C.) 234 F. 912, where the prod-

ucts were sold over the counter, and the defendant so dressed the boxes in which its product was sold as to render them indistinguishable from those of the plaintiff. So, too, in Prest-O-Lite Co. v. Davis (D. C.) 209 F. 917, affirmed in 215 F. 349 (6 C. C. A.), and Queen Mfg. Co. v. Isaac Ginsberg & Bros. (C. C. A.) 25 F.(2d) 284, the dress and markings of the competing articles led to deception. We cannot believe that the appellant's method of doing business, though similar to the appellee's, could have that effect, and, lacking it, there can be no unfair competition.

■ The appellant contends that there is no substantial evidence upon which the court could rightly find an infringement of the copyrights. In considering this question we accept Exhibit No. 7 as a combination of the copyrighted Exhibits Nos. 1 and 2, and we think that each of these exhibits must be treated as a unit. So treating them, we cannot, however, believe that the copyrights had the effect of prohibiting the publication and use of other catalogues containing cuts of designs. It has been frequently held that the copyright law does not afford protection against the use of an idea, but only as to the means by which the idea is expressed. Holmes v. Hurst, 174 U. S. 82, 86, 19 S. Ct. 606, 43 L. Ed. 904; Kalem Co. v. Harper Bros., 222 U. S. 55, 63, 32 S. Ct. 20, 56 L. Ed. 92, Ann. Cas. 1913A, 1285. As said in Dymow v. Bolton (C. C. A.) 11 F.(2d) 690, 691: "It is as near the whole truth as generalization can usually reach that, if the same idea can be expressed in a plurality of totally different manners, a plurality of copyrights may result, and no infringement will exist." Obviously, it seems to us, the appellee could not copyright a system or method of selling a product. Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841. It could copyright a set of original symbols or designs which it uses as a means of effecting the sale of its product.

■ Viewing the copyrights as attaching to the catalogues in their entirety, the question, then, is whether there has been an appropriation by appellant of so substantial a part of the appellee's product as to amount to infringement. Da Prato Co. v. Giuliani Co. (C. C.) 189 F. 90; Eggers v. Sun Sales Corp. (C. C. A.) 263 F. 373, 375. We are of opinion that the appellant has not infringed in the use of designs, as such, nor in the way in which it has arranged its designs nor in the colors or headings it has used. It does appear that certain designs which it uses are so similar to some of the appellee's as to indicate copying and amount to infringement. The lower court held that there were sixty-two of these designs. We think there are only fourteen, namely—1, 2, 4, 5, 6, 7, 8, 9, 17, 18, 32, 54, 62, and 63 of Exhibit 19. We therefore hold that, except as to the designs mentioned, there is no infringement. Whether the appellee has sustained any ascertainable damage from the appellant's use of these designs is a question that remains to be determined by the special master to whom the case has been referred. In any view, the appellant should be permitted to publish its catalogues with the infringing cuts eliminated, and to retain all plates, material and matrices and other means for making catalogues not containing the infringing cuts.

It results that the decree as to unfair trade competition is vacated and set aside and as to copyright infringement is modified as indicated above and, as so modified, is affirmed.