## DORSEY v. OLD SURETY LIFE INS. CO.
### No. 1644.

Circuit Court of Appeals, Tenth Circuit.
Sept. 6, 1938.

H. L. Stuart, of Oklahoma City, Okl. (R. R. Bell and E. P. Ledbetter, both of Oklahoma City, Okl., on the brief), for appellant.

Charles Swindall, of Oklahoma City, Okl. (Russell M. Chase, of Ava, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Dorsey brought this suit against Old Surety Life Insurance Company, hereinafter called Insurance Company, for alleged infringement of copyrights on three forms of life insurance policies, seeking an injunction against future infringements and damages for alleged past infringements.

In his bill Dorsey alleged that he is the originator and author of three types of insurance policies, denominated "Family Group Life Insurance Policy," "Family Group Policy," and "Reserve Loan Life Insurance Co. Policy Family Group"; that copyrights covering such policies were duly granted to him in October, 1927, November, 1928, and September, 1930, respectively, and that he is now the owner of such copyrights; that such policies were composed, edited, prepared, arranged, and compiled by him at great expense after extended research and as a result of more than thirty years of actuarial and sales experience in the life insurance field; that such publications are of the value of $100,000; that commencing on a date unknown to him and continuing until on or about July 28, 1936, the Insurance Company had without license, leave, right, or authority knowingly published, issued, and sold certain insurance policies denominated "Family Group Policy" which infringed vital portions of Dorsey's copyrighted publications.

The bill sets out the parts of the copyrighted forms alleged to be infringed and the parts of the Insurance Company's policies alleged to infringe them.

The trial court sustained a motion to dismiss the bill and entered its decree dismissing the suit. Dorsey has appealed.

■ The right secured by a copyright is not the right to the use of certain words, nor the right to employ ideas expressed thereby. Rather it is the right to that arrangement of words which the author has selected to express his ideas.[1]

In Kaeser & Blair, Inc., v. Merchants' Ass'n, Inc., 6 Cir., 64 F.2d 575, 577, the court said:

"It has been frequently held that the copyright law does not afford protection against the use of an idea, but only as to the means by which the idea is expressed."

■ It follows that Dorsey's copyrights in nowise restricted the right of the Insurance Company to use the plans of insurance embraced in the copyrighted policies. They only restricted the use or copying of the means of expression selected by Dorsey to the extent that such means were original with Dorsey.

■ To be copyrightable a work must be original in that the author has created it by his own skill, labor, and judgment. If he takes matter which has been dedicated to the public by publication without copyright and adds thereto materials which are the result of his own efforts a copyright thereon is not void, but is valid as to the new and original matter. However, the degree of protection afforded by the copyright is measured by what is actually copyrightable in the publication and not by the entire publication.[2]

Insurance policies were old at the time Dorsey's copyrights were granted. Standard provisions had been worked out through long study and experience. Many of such standard provisions are now inserted in life insurance policies pursuant to statutory requirement. Oklahoma requires that certain provisions be included in each policy of life insurance issued or delivered in Oklahoma or issued by a life insurance company organized under the laws of Oklahoma. See Section 10524, O.S.1931, 36 Okl.St.Ann. § 218.

■ The copyrighted forms here involved in the main are an aggregation of these standard provisions including those required by statute. As to those provisions it is clear that there is no infringement. One work does not violate the copyright in another simply because there is a similarity between the two if the similarity results from the fact that both works deal with the same subject or have the same common source. Affiliated Enterprises, Inc., v. Gruber, 1 Cir., 86 F.2d 958, 961. The provisions dealing specifically with the family group are alleged to be new and original. The copyrights if valid at all must be limited to those particular provisions and to the particular means employed by Dorsey to express the contractual terms thereof. The provisions in the policies of the Insurance Company dealing particularly with

[1] Holmes v. Hurst, 174 U.S. 82, 86, 19 S.Ct. 606, 43 L.Ed. 904; Hartfield v. Peterson, 2 Cir., 91 F.2d 998, 999; Guthrie v. Curlett, 2 Cir., 36 F.2d 694, 696; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131, 137, 138; Harold Lloyd Corp. v. Witwer, 9 Cir., 65 F.2d 1, 25; Kaeser & Blair, Inc., v. Merchants' Ass'n, Inc., 6 Cir., 64 F.2d 575, 577; Dymow v. Bolton, 2 Cir., 11 F.2d 690, 691. See, also, Affiliated Enterprises, Inc., v. Gantz, 10 Cir., 86 F.2d 597, 598, and Affiliated Enterprises, Inc., v. Gruber, 1 Cir., 86 F.2d 958, 961.

[2] American Code Co., Inc., v. Bensinger, 2 Cir., 282 F. 829, 834; Harold Lloyd Corp. v. Witwer, 9 Cir., 65 F.2d 1, 23.

the family group are neither an exact nor a substantial copy of the family group provisions in the copyrighted policies. There is no more similarity than might naturally be expected in policies embracing the same plan of insurance and incorporating like contractual provisions. There can be no doubt that the Insurance Company is free to make contracts embracing like contractual provisions as those included in the copyrighted policies and to use suitable words to express the provisions of such contracts so long as it does not copy the particular means of expression originated by Dorsey.

A copyright upon a form of contractual provision should not be construed so as to impinge upon the natural right of persons to make contracts containing the same contractual provisions and creating like contractual rights and obligations, and similarity of expression should not be held to constitute infringement in such cases. Necessarily, where the same contractual provision is to be expressed there will be similarity of language. To constitute infringement in such cases a showing of appropriation in the exact form or substantially so of the copyrighted material should be required. See Brightley v. Littleton, C.C.Pa., 37 F. 103, 104.

Hence, we think the trial court was fully warranted in holding upon the face of the bill that the policies of the Insurance Company did not infringe Dorsey's copyrighted forms.

The decree is affirmed.