W. W. Campbell, of Lubbock, Tex., for appellant.

E. L. Klett, of Lubbock, Tex., and Rosser J. Coke, of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

PER CURIAM.

The motion for rehearing makes the additional contention that although Section 74, sub. j of the Bankruptcy Act, 11 U.S. C.A. § 202, subd. j, authorizes the retention of jurisdiction "during the period of the extension in order to protect and preserve the estate and enforce the terms of the extension proposal", the period of extension ended December 1, 1939, so that jurisdiction also perished then. We think that construction of the act too narrow. The jurisdiction retained is over matters which arise touching the extension agreement until its complete fulfillment. The court would have no occasion to enforce the terms of the agreement till there was a failure to perform them, which might occur on the last moment of the period of extension. The court has jurisdiction to cause the extension agreement to be performed by both sides, although the period of extension may have expired before the court applies the proper remedy.

The motion is overruled.

Jas. M. Naylor, of San Francisco, Cal., and Calvin L. Helgoe and I. Henry Harris, Jr., both of Los Angeles, Cal., for appellant.

Alfred Wright and Gordon Hall, Jr., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant sued appellee for alleged infringement of appellant's right of property in an unpublished play of which she claimed to be the author. Appellee moved to dismiss the bill of complaint for failure to state facts sufficient to constitute a cause of action. The District Court granted the motion and, on February 7, 1938, entered a decree dismissing the bill. We reversed the decree and remanded the case for further proceedings. 99 F.2d 850. Thereafter the case was tried and, finding no infringement, the District Court, on February 15, 1940, entered judgment for appellee. 32 F.Supp. 359. This appeal is from that judgment.

Appellant contends that "in reversing the District Court on the first appeal, this court once and for all times settled the issue of infringement in appellant's favor." Appellant is mistaken. The issue of infringement was not before us and was not decided on the first appeal. It was before the District Court at the trial of the case and was properly decided.

Judgment affirmed.

DEZENDORF v. TWENTIETH CENTURY-FOX FILM CORPORATION.

No. 9589.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1941.