## BLISH et al. v. NATIONAL BROADCASTING CO., Inc., et al.
### No. 3997.

District Court, N. D. Illinois, E. D.

Dec. 28, 1942.

Albert J. Fihe, of Chicago, Ill., for plaintiffs.

Joseph A. McDonald, of Chicago, Ill., for defendants.

HOLLY, District Judge.

Plaintiffs have filed their amended complaint herein in which they have charged infringement of copyright of the insignia of the corporate plaintiff and also unfair competition. Plaintiff has dismissed its suit as to defendant, National Broadcasting Company.

Plaintiffs allege that Dwight M. Blish organized on March 17, 1936, a corporation known as the "Sons and Daughters of Sam"; that on February 2, 1942, the corporation name was changed to "Sons and Daughters of Uncle Sam"; that the object of the corporation was to inspire loyalty to and love of country and promote tolerance, development of good citizenship, etc.; that defendant, Blue Network Company on or about February 22, 1942, broadcast over its chain of radio stations known as the Blue Network, a program entitled "Daughters of Uncle Sam" which included as part of its features the same policy and objects as those for which plaintiff's corporation is organized and that defendant threatens to continue producing programs as above entitled.

It is further averred that plaintiffs have composed a radio program entitled "Sons and Daughters of Uncle Sam" which depicts stirring events in the discovery and progress of America, directed to the youth of the United States for the purpose of instilling patriotism and love of country, and defendant threatens to produce and broadcast a radio program along similar lines in defiance of plaintiff's rights.

Plaintiffs have further averred that they have originated and designed certain insignia "Sons and Daughters of Uncle Sam" and that said insignia has been deposited in the Copyright Office of the United States of America and that on February 13, 1942, a certificate of Copyright Registration was granted to plaintiff, Dwight M. Blish. Plaintiffs pray for injunctive relief.

■■ Uncle Sam is a descriptive term commonly used to designate the United States. One is not entitled to a copyright except for original work (Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 119 A.L.R. 1250) and there is nothing original in the use of "Sons and Daughters of Uncle Sam" as applied to citizens of the United States.

■ But plaintiffs insist that if the words "Sons and Daughters of Uncle Sam" were not a subject of copyright that defendant should be enjoined from using the words as a part of its radio program on the ground of unfair competition. The plaintiff corporation did not assume this name until February 2 of this year. Plaintiffs have not alleged in the complaint that the corporation has any members other that the plaintiff, Blish. It is not alleged that it has a capital stock (presumably it was organized under the Statutes of Illinois providing for the organization of corporations not for pecuniary profit) nor any property of any kind. It is not shown that it has any following or that anybody outside of plaintiffs knew of its existence. There is nothing in the complaint to show that the words have acquired a secondary meaning indicating the individual plaintiff or the corporation or any program carried on by plaintiffs or as a title for their radio drama.

It is stated that plaintiffs have composed a radio program entitled "Sons and Daughters of Uncle Sam" but not that said term has ever been broadcast or that anybody outside of the plaintiffs knew of such radio program. The complaint does not show a case of unfair competition. Elgin National Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365.

The complaint should be dismissed. An order accordingly will be entered December 31, 1942.