## CHAMBERLIN v. URIS SALES CORPORATION.

### No. 342.

Circuit Court of Appeals, Second Circuit.
June 12, 1945.

Clarence G. Campbell, of New York City, for plaintiff.

Bettigole & Port, of New York City (Vahan H. Kalenderian, of New York City, of counsel), for defendant.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The first question with which we must deal is that of the validity of the copyright. Our starting point must be the Constitution. For, as the constitutional power to enact the Copyright Act, 17 U.S.C.A. § 1 et seq., derives from Article 1, § 8, that Act would be void if it went beyond granting monopolies (or exclusive franchises) to authors whose works "promote

the progress of science and the useful arts."[1] Obviously the Constitution does not authorize such a monopoly grant to one whose product lacks all creative originality. And we must, if possible, so construe the statute as to avoid holding it unconstitutional.[2] Plaintiff therefore must lose unless he has shown that his work contains some substantial, not merely trivial, originality and that the defendant sold copies embodying the original aspects of his work.

2. The defendant contends that the rules drafted by plaintiff are not copyrightable for lack of the requisite "originality." But the cases indicate that the "originality" required refers to the form of expression and not to novelty in the subject matter. Whist Club v. Foster, D.C.S.D.N.Y., 42 F.2d 782.[3]

3. Precisely, however, because it is the form of expression and not the idea that is copyrightable, we hold that the defendant did not infringe on the plaintiff's statement of the rules. The similarities of the two sets of rules derive from the fact that they were necessarily drawn from the same source. "Defendant has not infringed, because he has not copied the literary composition of the plaintiff's publication, but, in language quite distinctly his own, has restated the same set of conventional precepts." Whist Club v. Foster, supra, at 782 of 42 F.2d.

4. There remains one item to be considered. Plaintiff, as part of his registered rules, included a drawing of the board. Plaintiff copied this drawing from the traditional backgammon board. However, plaintiff's copy contains some inadvertent defects in shading, adding nothing to its worth in any conceivable way and so minute as to escape the attention of the ordinary observer. If one made an unintentional error in copying which he perceived to add distinctiveness to the product, he might perhaps obtain a valid copyright on his copy, although the question would then arise whether originality is precluded by lack of intention.[4] That question we need not consider. For plaintiff's error yields nothing new of substance or distinction. Without originality, his drawing, if it stood alone, could not be the subject of a valid copyright.[5] We assume, arguendo, that that fact does not invalidate the entire copyright. But since the only copying here was of that portion of the subject matter which, standing alone, could not validly be copyrighted, we hold there is no infringement.

Judgment affirmed.

1 Pennock v. Dialogue, 2 Pet. 1, 16, 7 L.Ed. 327; Burrow-Giles Lithographic Co. v. Sarony, 111 U.S. 53, 59, 4 S.Ct. 279, 28 L.Ed. 349; Higgins v. Keuffel, 140 U.S. 428, 430, 11 S.Ct. 731, 35 L. Ed. 470; Harlan, J., dissenting in Bleistein . v. Donaldson Lithographing Co., 188 U.S. 239, 252, 23 S.Ct. 298, 47 L.Ed. 460; J. L. Mott Iron Works v. Clow, 7 Cir., 82 F. 316, 317–319; National Tel. News Co. v. Western Union Tel. Co., 7 Cir., 119 F. 294, 297, 60 L.R.A. 805; Metro-Goldwyn-Mayer D. Corporation v. Bijou Theatre, 1 Cir., 59 F.2d 70; Clayton v. Stone, C.C.S.D.N.Y., Fed.Cas.No.2872, 5 Fed.Cas. 999, 1003.

2 Perhaps Congress could grant monopolies for non-useful and non-original material if Congress based its authority to do so on the constitutional interstate commerce power. Cf. Picard v. United Aircraft Corporation, 2 Cir., 128 F.2d 632, 643 n. 22. But we need not consider that question here, for Congress has not so acted.

3 Cf. "The right secured by a copyright is * * * the right to that arrangement of words which the author has selected to express his ideas [and not] * * * the right to employ ideas expressed thereby." Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 873, 119 A.L.R. 1250; Kaeser & Blair, Inc. v. Merchants Ass'n, Inc., 6 Cir., 64 F.2d 575, 577.

4 It is not easy to ascertain what is intended and what inadvertent in the work of genius: That a man is color-blind may make him a master of black and white art; a painter's unique distortions, hailed as a sign of his genius, may be due to defective muscles. Consider the great scientific discoveries—such as the X-ray and the galvanic circuit—which resulted from accidents.

5 Higgins v. Keuffel, supra; National Tel. News Co. v. Western Union Tel. Co., supra; General Drafting Co., Inc. v. Andrews, 2 Cir., 37 F.2d 54; Andrews v. Guenther Pub. Co., D.C.S.D.N.Y., 60 F.2d 555.