Frank **MORRISSEY**, Plaintiff, Appellant,

v.

The **PROCTER & GAMBLE COMPANY** et al., Defendants, Appellees.

No. 6882.

United States Court of Appeals First Circuit.

June 28, 1967.

Russell H. McGuirk and Raymond P. Blanchard, Portsmouth, N. H., with whom Flynn, Powell & McGuirk, Portsmouth, N. H., was on brief, for appellant.

Albert E. Strasser and Charles H. Melville, Cincinnati, Ohio, with whom Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio, and Choate, Hall & Stewart, Boston, Mass., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from a summary judgment for the defendant. The plaintiff, Morrissey, is the copyright owner of a set of rules for a sales promotional contest of the "sweepstakes" type involving the social security numbers of the participants. Plaintiff alleges that the defendant, Procter & Gamble Company, infringed, by copying, almost precisely, Rule 1. In its motion for summary judg-

ment, based upon affidavits and depositions, defendant denies that plaintiff's Rule 1 is copyrightable material, and denies access. The district court held for the defendant on both grounds.

Taking the second ground first, the defendant offered affidavits or depositions of all of its allegedly pertinent employees, all of whom denied having seen plaintiff's rules. Although the plaintiff, by deposition, flatly testified that prior to the time the defendant conducted its contest he had mailed to the defendant his copyrighted rules with an offer to sell, the court ruled that the defendant had "proved" nonaccess, and stated that it was "satisfied that no material issue as to access * * * lurks * * * [in the record.]"

The court did not explain whether it considered defendant's showing to have constituted proof overcoming the presumption of receipt arising from plaintiff's testimony of mailing, or whether it felt there was an unsatisfied burden on the plaintiff to show that the particularly responsible employees of the defendant had received his communication. Either view would have been error. A notice to the defendant at its principal office, as this one assertedly was, is proper notice. There is at least an inference that the letter reached its proper destination. Even if we assume that if, at the trial of the case, it should be found that the particular employees of the defendant responsible for the contest were in fact without knowledge of plaintiff's rules, defendant would be free of a charge of copying, cf. Pinci v. Twentieth Century-Fox Film Corp., S.D.

N.Y., 1951, 95 F.Supp. 884; Dezendorf v. Twentieth Century-Fox Film Corp., S.D.Cal., 1940, 32 F.Supp. 359, aff'd, 9 Cir., 118 F.2d 561, on a motion for summary judgment a plaintiff should not have to go to the point of showing that every employee of a corporate defendant received his notification. Nor can it be said that no issue of fact as to access "lurks" merely because it seems to the court that plaintiff's own proof has been satisfactorily contradicted. Nothing is clearer than this on a motion for summary judgment; if a party has made an evidentiary showing warranting a favorable inference, contradiction cannot eliminate it. Summary judgment may not be granted where there is the "slightest doubt as to the facts." Peckham v. Ronrico Corp., 1 Cir., 1948, 171 F.2d 653, 657; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 468. Defendant's argument misreads Dressler v. MV Sandpiper, 2 Cir., 1964, 331 F.2d 130. The presumption arising from mailing remained in the case.[1]

It is true that we have, on rare occasion, held that even though there is some slight evidence favoring a plaintiff, the evidence contrary may be so overpowering that a verdict for the plaintiff cannot be permitted, and judgment must be ordered for the defendant. Dehydrating Process Co. v. A. O. Smith Corp., 1 Cir., 1961, 292 F.2d 653, cert. den. 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 194; see Magnat Corp. v. B & B Electroplating Co., 1 Cir., 1966, 358 F.2d 794. We have never suggested that such a principle is applicable to a motion for summary judgment, and we do not now.[2]

1. The court did not discuss, nor need we, the additional fact that the almost exact following of plaintiff's wording and format in an area in which there is at least some room for maneuverability, might be found of itself to contradict defendant's denial of access. Cf. Arnstein v. Porter, supra.

2. Defendant seeks to attach weight to thirteen letters introduced through its witness who testified he had received them from thirteen other companies in contradiction of plaintiff's testimony that he had

sent copies of his rules to them, as well as to the defendant. In the first place, in spite of defendant's elaborate argument, the letters so introduced were rank hearsay as to the truth of their content, in contravention to Rule 56's fundamental requirement that the party's position be sustained by competent and admissible evidence. Fed.R.Civ.P. 56(e). But even more elementary, had they been admissible affidavits of thirteen bishops they could not have varied the principle that issues of fact are not to be resolved on summary judgment.

Cf. Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492, 496–497.

The second aspect of the case raises a more difficult question. Before discussing it we recite plaintiff's Rule 1, and defendant's Rule 1, the italicizing in the latter being ours to note the defendant's variations or changes.

"1. Entrants should print name, address and social security number on a boxtop, or a plain paper. Entries must be accompanied by * * * boxtop or by plain paper on which the name * * * is copied from any source. Official rules are explained on * * * packages or leaflets obtained from dealer. If you do not have a social security number you may use the name and number of any member of your immediate family living with you. Only the person named on the entry will be deemed an entrant and may qualify for prize.

"Use the correct social security number belonging to the person named on entry * * * wrong number will be disqualified."

(Plaintiff's Rule)

"1. Entrants should print name, address and *S*ocial *S*ecurity number on a Tide boxtop, or *on* [a] plain paper. Entries must be accompanied by Tide boxtop *(any size)* or by plain paper on which the name 'Tide' is copied from any source. Official rules are *available* on Tide Sweepstakes packages, or *on* leaflets *at* Tide dealers, *or you can send a stamped, self-addressed envelope to:* Tide 'Shopping Fling' Sweepstakes, P.O. Box 4459, Chicago 77, Illinois.

"If you do not have a *S*ocial *S*ecurity number, you may use the name and number of any member of your immediate family living with you. Only the person named on the entry will be deemed an entrant and may qualify for a prize.

"Use the correct Social Security number, belonging to the person named on *the* entry—wrong number*s* will be disqualified."

(Defendant's Rule)

■ The district court, following an earlier decision, Gaye v. Gillis, D.Mass., 1958, 167 F.Supp. 416, took the position that since the substance of the contest was not copyrightable, which is unquestionably correct, Baker v. Selden, 1879, 101 U.S. 99, 25 L.Ed. 841; Affiliated Enterprises v. Gruber, 1 Cir., 1936, 86 F.2d 958; Chamberlin v. Uris Sales Corp., 2 Cir., 1945, 150 F.2d 512, and the substance was relatively simple, it must follow that plaintiff's rule sprung directly from the substance and "contains no original creative authorship." 262 F.Supp. at 738. This does not follow. Copyright attaches to form of expression, and defendant's own proof, introduced to deluge the court on the issue of access, itself established that there was more than one way of expressing even this simple substance. Nor, in view of the almost precise similarity of the two rules, could defendant successfully invoke the principle of a stringent standard for showing infringement which some courts apply when the subject matter involved admits of little variation in form of expression. E. g., Dorsey v. Old Surety Life Ins. Co., 10 Cir., 1938, 98 F.2d 872, 874, 119 A.L.R. 1250 ("a showing of appropriation in the exact form or substantially so.") ; Continental Casualty Co. v. Beardsley, 2 Cir., 1958, 253 F.2d 702, 705, cert. denied, 358 U.S. 816, 79 S.Ct. 25, 3 L.Ed.2d 58 ("a stiff standard for proof of infringement.").

■ Nonetheless, we must hold for the defendant. When the uncopyrightable subject matter is very narrow, so that "the topic necessarily requires," Sampson & Murdock Co. v. Seaver-Radford Co., 1 Cir., 1905, 140 F. 539, 541; cf. Kaplan, An Unhurried View of Copyright, 64–65 (1967), if not only one form of expression, at best only a limited number, to permit copyrighting would mean that a party or parties, by copyrighting a mere handful of forms, could exhaust all possibilities of future use of the substance. In such circumstances it

does not seem accurate to say that any particular form of expression comes from the subject matter. However, it is necessary to say that the subject matter would be appropriated by permitting the copyrighting of its expression. We cannot recognize copyright as a game of chess in which the public can be checkmated. Cf. Baker v. Selden, supra.

Upon examination the matters embraced in Rule 1 are so straightforward and simple that we find this limiting principle to be applicable. Furthermore, its operation need not await an attempt to copyright all possible forms. It cannot be only the last form of expression which is to be condemned, as completing defendant's exclusion from the substance. Rather, in these circumstances, we hold that copyright does not extend to the subject matter at all, and plaintiff cannot complain even if his particular expression was deliberately adopted.

Affirmed.