ABLI, INC., Plaintiff,

v.

STANDARD BRANDS PAINT CO., a Corporation, Defendant.

Civ. A. No. 69-1942.

United States District Court, C. D. California.

Dec. 23, 1970.

Bernard M. Smukler, Beverly Hills, Cal., for plaintiff.

Howard P. Miller of Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for defendant.

## DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

HAUK, District Judge.

Plaintiff, ABLI, INC., filed a Complaint in this Court against Defendant, STANDARD BRANDS PAINT CO., alleging infringement of its copyright in a label used for articles of merchandise, to wit: plastic beads, Registration No. K–210495, and seeking damages, attorney fees, costs and injunctive relief as a result of said infringement. Defendant filed its Answer to the Complaint denying the alleged infringement. After discovery by Plaintiff and Defendant herein, Defendant filed its Memorandum of Contentions of Fact and Law with the Court and Plaintiff thereafter filed its Memorandum of Contentions of Fact and Law with the Court. Thereafter, on October 26, 1970, the final pre-trial conference was held and on said date the Court signed the Pre-Trial Conference Order. Jurisdiction of this Court was asserted pursuant to 28 U.S.C. § 1338(a).[1]

The above action having been tried before the Court on November 3, 4 and 5, 1970, and the Court having fully considered the evidence as presented, the exhibits * admitted in evidence on behalf of the parties hereto and the arguments of counsel as set forth in their respective briefs and orally, now renders its Decision, Findings of Fact, Conclusions of Law and Order.

1. 28 U.S.C. § 1338(a)

"§ 1338. *Patents, copyrights, trademarks, and unfair competition.*

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

* See Appendix.

## DECISION

*The Undisputed Facts*

1. Plaintiff is a corporation organized under the laws of the State of California and has its principal place of business in the Central District of California;

2. Defendant is a corporation organized under the laws of the State of California and has its principal place of business in said District;

3. At all times material hereto, Defendant has conducted a business in said District and sold therein and elsewhere articles of merchandise commonly known as plastic beads, said beads being generally contained within a plastic bag or package having a label thereon, which label Plaintiff alleged to be an infringement of its copyright in a label used for similar articles which it manufactures, uses or sells;

4. Plaintiff's label is used in connection with the sale or advertising of its said articles;

5. United States Copyright Certificate, Registration No. K–210495 entitled "Quality Jewelry Beads", in Plaintiff's label for said articles was issued to Plaintiff on April 14, 1969;

6. At all times material hereto, plaintiff was the sole owner of all right, title and interest, if any, in and to the alleged copyright in Plaintiff's said label used for its said articles and of all causes of action arising in the United States or elsewhere in connection therewith;

7. In March, 1969, Plaintiff gave Defendant notice of its alleged infringement of the said copyright in said label and requested that it immediately desist making, using or selling the said articles (which articles are substantially similar to Plaintiff's said articles) with Defendant's said label attached to the container or package therefor;

8. After receipt of said notice, Defendant ceased using the claimed infringing label;

9. Defendant caused to be made and published the labels utilized in connection with the sale or advertising of its said articles;

10. Defendant had access to Plaintiff's said labels prior to the time that Defendant caused its said labels to be printed and published.

*Additional Facts*

At the trial it appeared, and the Court finds, that Irving Levine, president of Plaintiff, while engaged in the business of interior decorating in the years prior to 1966 sold and distributed plastic beads. At one point, Levine, doing business as Coast Bead Manufacturing Co., commenced marketing these plastic beads on fifty foot strands of nylon cord. These bead strands were initially placed in unlabeled plastic packages. Prior to February, 1967, Coast Bead Manufacturing Co. sold a large amount of these packages to, among others, Akron Department Stores.

Plaintiff was incorporated in February, 1966, with Levine as its president, and shortly thereafter began developing a label for the bead strand packages to aid in their marketing. This label went through several minor changes before it evolved into its final form which is Exhibit "A" of the Decision. In February, 1967, Plaintiff doing business as Coast Bead Manufacturing Co., started using the earliest form of the label, which is substantially similar to Exhibit "A", on the packages. Significantly, all forms of this label contained, at least, the letter "c" enclosed within a circle and the name "Coast Bead Manufacturing Co." Later forms contained, in addition, the year "1967."

In July, 1967, Abraham Bressler, an employee of Defendant, bought several of Plaintiff's packages containing fifty foot strands of plastic beads and which had Plaintiff's label attached thereto. Bressler then made a few minor changes in one of these labels by striking out a few matters, including the trademark of Plaintiff, and sent it to Defendant's agent in Taiwan, Formosa, for possible duplication. This agent returned a sample label to Defendant which contained much, if not all, of the subject matter found in Defendant's label which is Exhibit "B" of this Decision. Defendant

then sent the sample label received from its Taiwan agents, possibly with a few alterations, to Frick & Nilsson Ltd., of Hong Kong, another agent of Defendant, and requested them to print the label which is the subject matter of this suit. Exhibit "B". These labels were subsequently used by Defendant and distributed on plastic packages containing fifty foot strands of plastic beads. Defendant purchased the plastic beads, the plastic packages, and the label in a package deal from its agent, Frick & Nilsson Ltd. Consequently, it paid one price for the combination of these three products.

*The Law*

■ It is clear that labels published in connection with the sale or advertisement of articles of merchandise may be protected by copyright. 17 U.S.C. §§ 5(k), 6. Kitchens of Sara Lee, Inc. v. Nifty Food Corp., 266 F.2d 541 (2d Cir. 1959). The statutory requirements for securing a copyright for a label are set forth in 17 U.S.C. § 19 [2] which makes reference to 17 U.S.C. § 5. [3] These sections provide that a label, which is otherwise copyrightable, should contain a notice of copyright thereon. This notice must consist of the letter "c" enclosed within a circle accompanied by the name, initials or mark of the copyright proprietor. If the proprietor publishes labels without this notice of copyright, he is subject to losing his rights in them because he may be deemed to have dedicated them to the public domain. Since this Court found that from the beginning and continuously thereafter this label contained the proper notice of copy-

right, Plaintiff now has a valid copyright in this label.

■ Defendant advanced several arguments to the effect that this was not the proper subject matter of a copyright. It was argued that labels which simply designate or describe the articles of merchandise to which they are attached and which have no value separate from the articles may not be the subject of the copyright. It was additionally argued that if the textual material on the label is dictated by functional considerations, contents or instructions, the same are not the subject of copyright. However, having examined all the filed documents and exhibits herein, the Court finds that there was sufficient pictorial and written material on Plaintiff's label, Exhibit "A", so as to render same the proper subject of copyright protection. It was more than merely descriptive and was dictated by more than functional considerations. Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., supra; Drop Dead Co. v. S. C. Johnson & Son, Inc., 326 F.2d 87 (9 Cir. 1963).

■ Defendant also sought to argue that Plaintiff's label lacked the requisite originality to be copyrightable. As Judge Byrne of this Court said in Doran v. Sunset House Distributing Corp., 197 F.Supp. 940, 944 (S.D.Cal.1961), aff'd 304 F.2d 251, and quoted with approval in Drop Dead Co. v. S. C. Johnson & Son, Inc., supra,

"To be copyrightable, a work must be 'original' in that the author has created it by his own skill, labor and judgment. Dorsey v. Old Surety Life Ins. Co., 10 Cir., 1938, 98 F.2d 872,

---

2. 17 U.S.C. § 19

"§ *19. Notice; form*
The notice of copyright required by section 10 of this title shall consist either of the word 'Copyright' the abbreviation 'Copr.', or the symbol '©', accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication. In the case, however, of copies of works specified in subsections (f) to (k), inclusive of section 5 of this title, the notice

may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark or symbol of the copyright proprietor."

3. 17 U.S.C. § 5(k)
"§ *5. Classification of works for registration*
The application for registration shall specify to which of the following classes the work in which copyright is claimed belongs:
(k) Prints and pictorial illustrations including prints or labels used for articles of merchandise.

119 A.L.R. 1250; Smith v. George E. Muehlebach Brewing Co., D.C.W.D. Mo.1956, 140 F.Supp. 729. As stated in Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 1951, 191 F.2d 99, 102.

'* * * "Original" in reference to a copyrighted work means that the particular work "owes its origin" to the "author." No large measure of novelty is necessary. * * *

'* * * All that is needed to satisfy both the Constitution and the statute is that the "author" contributed something more than a "merely trivial" variation, something recognizably "his own." Originality in this context "means little more than a prohibition of actual copying." No matter how poor artistically the "author's" addition, it is enough if it be his own. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 250, 23 S.Ct. 298, 47 L.Ed. 460.' "

■ ■ Defendant admittedly deliberately copied substantially all items found on Plaintiff's label, Exhibit "A", excepting the trademark, a photograph, one illustration and its adjacent textual material and one line of textual material indicating possible usage for plastic beads. There was also a minor rearrangement of several illustrations printed thereon. However, substantially all of Defendant's label, Exhibit "B", was appropriated in a deliberate and intentional manner from Plaintiff's said label. It is a clear case of copying and infringement. Appropriation of the fruits of another's labor and skill in order to publish a rival work without the expenditure of the time and effort required for independently arrived at results is copyright infringement. Orgel v. Clark Boardman Co., Ltd., 301 F.2d 119 (2 Cir. 1962).

■ The only question about which there is serious doubt is that of damages. Plaintiff has offered no proof of any accrued damages under any of the criteria which, in cases of this type, have been recognized as proper. Apparently, from its own admissions, Defendant made as a result of the sale of 25,800 packages of beads with the infringing labels thereon, Thirteen Thousand Four Hundred Ninety-Three ($13,493.00) Dollars before taxes and Eight Thousand Seven Hundred Ninety-Two ($8,792.00) Dollars after taxes. However, as aforesaid, Defendant does not know the separate costs, if any, of the plastic beads, plastic container and label. Because of the inability to separate same, the Court concludes that it would be improper to award Plaintiff the profits of Defendant as same pertains to the sale of beads with the infringing labels affixed to the containers thereof.

■ The Court may, in lieu of actual damages and profits, award to Plaintiff such damages as to the Court shall appear to be just. 17 U.S.C. § 101(b). After receipt of Plaintiff's notice of infringement in March, 1969, the Defendant did cause to be destroyed certain labels which its Hong Kong agent had not yet shipped. Further, it later commenced using another type of label. Consequently, having heard the arguments of counsel, the Court finds that Five Hundred ($500.00) Dollars is a just amount to be awarded to Plaintiff as its damages. In nearly all actions, suits or proceedings under Title 17, full costs shall be allowed, and the Court may award to the prevailing party a reasonable attorney's fee as part of the costs. 17 U.S.C. § 116. Consequently, the Court awards Plaintiff the sum of Two Thousand ($2,000.00) Dollars as attorney's fees and all costs.

In accordance with the foregoing, which shall also constitute Findings of Fact and Conclusions of Law, the Court now makes its formal Findings of Fact, Conclusions of Law and Order.

### FINDINGS OF FACT

1. Plaintiff, ABLI, INC., is a corporation organized and existing under the laws of the State of California and has its principal place of business in the Central District of California.

2. Defendant, STANDARD BRANDS PAINT CO., is a corporation organized and existing under the laws of

the State of California and has its principal place of business in the Central District of California.

3. Plaintiff is now and since its incorporation in February, 1966, has been engaged in the remanufacture, distribution and sale of plastic beads. Prior to February, 1967, Plaintiff did not utilize a label in connection with such business.

4. In February, 1967, Plaintiff, who was then and ever since has been domiciled in the United States, created and caused to be produced a label for use in connection with the sale or advertising of certain articles of merchandise, to wit: plastic beads connected to each other on a string or cord.

5. Plaintiff copyrighted said label, including other versions thereof such as Exhibit "A", in 1967 by publishing same and having a proper notice of copyright thereon. Since the initial publication in February, 1967, all copies made or caused to be made by Plaintiff have been distributed in strict conformity with the provisions of all United States laws governing copyright and notice thereof.

6. Said label, Exhibit "A", contains a large amount of material wholly original with Plaintiff and is copyrightable.

7. On or about April 14, 1969, Plaintiff complied in all respects with 17 U.S.C. §§ 5 and 6, and as a result thereof received from the Register of Copyrights a Certificate of Registration of said copyright in its label, Exhibit "A", which Certificate is identified as follows: Class K, No. 210,495.

8. That at all times relevant hereto, Plaintiff was the sole proprietor of all right, title and interest in and to the copyright in said label, Exhibit "A".

9. From approximately January, 1969, to and including July, 1969, Defendant infringed said copyright of Plaintiff by publishing or causing to be published a label, Exhibit "B", for use in connection with the sale or advertising of similar articles of merchandise, as aforesaid, which label was copied from Plaintiff's said copyrighted label.

10. During said period of time, 25,800 labels, Exhibit "B", were affixed to Defendant's containers for its plastic beads and were sold to the public. In approximately March, 1969, Plaintiff notified Defendant that it was infringing the said copyrighted label of Plaintiff and in approximately July, 1969, Defendant thereafter commenced using another label in connection with the sale or advertising of its plastic beads.

11. As a result of the sale of 25,800 packages of plastic beads, which packages had the infringing label affixed thereto, Defendant made a profit of $13,493.00 before taxes and $8,792.00 after taxes. However, no apportionment was made or can be made relative the plastic beads, the container therefor and the label affixed thereto.

12. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects.

From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter in controversy. The claim herein arises under the Copyright Act of 1948, as incorporated in 17 U.S.C. § 1 et seq. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a).

2. Plaintiff is the owner of a valid copyright in a label, Exhibit "A", to which it has the sole and exclusive right.

3. The acts of the Defendant hereinabove described constitute infringement of Plaintiff's copyright.

4. Plaintiff is entitled to injunctive relief against the continuation or repetition of such infringement.

5. Plaintiff is entitled to an award of attorney's fees incurred in the prosecution of the action in the sum of Two Thousand ($2,000.00) Dollars. Plaintiff is entitled to receive its costs incurred in connection with the prosecution of said action.

**1406**

6. Plaintiff is entitled to recover damages in lieu of actual damages and profits arising as a result of the infringement and in the sum of Five Hundred ($500.00) Dollars.

7. Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, It is hereby ordered:

That judgment be entered in favor of Plaintiff, Abli, Inc., and against Defendant, Standard Brands Paint Co., as follows:

1. Plaintiff recover of the Defendant the sum of Five Hundred ($500.00) Dollars as damages;

2. Plaintiff recover of the Defendant the sum of Two Thousand ($2,000.00) Dollars for its attorney's fees;

3. Defendant be restrained and enjoined from copying or infringing Plaintiff's label, Exhibit "A", and from publishing or causing to be published such infringing or copied labels in connection with the sale or advertising of plastic beads or otherwise;

4. Plaintiff recover of the Defendant all costs incurred in connection with this action.

### APPENDIX

EXHIBIT "A"