### HURWOOD MFG. CO. v. WOOD.

(Circuit Court, D. Connecticut. June 23, 1905.)

No. 1,168.

1. PATENTS—SUIT AGAINST PATENTEE FOR INFRINGEMENT—ESTOPPEL.
   In a suit for infringement by an assignee of a patent against the patentee, the defendant is estopped to insist upon a narrow construction of the patent which would render it valueless.
   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 183.]

2. SAME—INFRINGEMENT—SCREW-DRIVER.
   The Wood patent, No. 671,039, for a screw-driver, held infringed on a motion for a preliminary injunction.

In Equity. Suit for infringement of letters patent No. 671,039 for a screw-driver granted to George E. Wood, April 2, 1901. On motion for preliminary injunction.

A. M. Wooster, for complainant.
Bartlett, Brownell & Mitchell, for defendant.

PLATT, District Judge. The defendant Wood assigned the patent in suit No. 671,039 to the plaintiff for value. He denies infringement, which is the only issue open to him in the circumstances, and attempts to justify because he makes the goods against which infringement is alleged under patent to Garrity, No. 723,573.

The plaintiff's contention is that the invention of the patent in suit resides broadly in the provision of means integral with the shank, and fitting into the outer end of the handle, for performing the double function of preventing rotation of the shank, when the screw-driver or other kindred tool is in use, and protecting the handle from splitting when struck; that claim 1 is for such a monopoly, and that the prior art discloses no attempt to acquire a like

monopoly; and that defendant's screw-driver, if made within the terms of Garrity's patent, invades that grant. In other words, that the square-cornered head and the correspondingly square-cornered recess of the Garrity patent are the equivalents of the laterally extending wings and the transverse slot of the Wood patent.

The defendant insists that both by the terms of the patent and by the prior art the plaintiff is confined to the exact construction set forth in the Wood patent, and obviously, if this be so, there is no infringement.

Whatever the result might be in another situation, an examination of the doctrine of estoppel, as applied in such cases, satisfies me that the plaintiff is entitled to a liberal construction of his patent, as against this defendant.

The interpretation which the defendant put upon his own invention, while acting with the plaintiff, would seem to preclude him from adopting a different interpretation now that he has voluntarily put himself in a position of antagonism. He is estopped from demanding such a construction of his own patent as will render it valueless. It is well settled that he cannot deny its validity, and it ought to be equally well settled that he should not so demean himself as to strip his own invention of its value. He cannot narrow its scope to the point of destroying its usefulness.

He was responsible in every way for the present product of the plaintiff, and took part as an officer of the plaintiff company in warning off trespassers, and thereby became a strong factor in producing the acknowledged acquiesence on the part of the purchasing public which for so long a time comforted the plaintiff. It creates a bitter taste in the mouth to find him now acting as the assignee of his brother-in-law, the Waterbury plumber, in an attempt to show the plaintiff that its fancied security was only an idle dream.