MATHEWS GRAVITY CARRIER CO. v. LISTER et al.

(Circuit Court, D. Minnesota, Fourth Division. November 16, 1906.)

No. 743.

1. PATENTS—SUIT FOR INFRINGEMENT—ESTOPPEL OF ASSIGNOR TO DENY VALIDITY.

One of the patentees of a device who joined in an assignment of the patent is estopped to deny the validity of any of its claims when sued by the assignee for its infringement, and the estoppel extends to a corporation which he was instrumental in forming and in which he is a stockholder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 182½–186.]

2. SAME—PRELIMINARY INJUNCTION.

The showing made as to infringement of a patent on a motion for a preliminary injunction held insufficient to warrant the granting of such injunction.

In Equity. On motion for preliminary injunction.

Paul & Paul, for complainant.

John E. Stryker, for defendant.

LOCHREN, District Judge (orally). This is an application in a patent suit for a temporary injunction restraining the defendants from putting machines on sale which are claimed to infringe the device that is manufactured by the complainant. It is unusual in a patent case to issue a temporary injunction, because the questions as to the validity of the patent and of the infringement each require, ordinarily, careful examination, and therefore such a remedy is rarely allowed until a final hearing. Now, in this case, under its particular circumstances, I apprehend the question of the validity of the complainant's patent cannot be raised by the defendants, because it appears that Mr. Lister was one of the patentees, and is one of the assignors of the patent to the complainant, the same patent which the complainant claims is being infringed, and he is estopped from denying the validity of that patent, and I apprehend that this estoppel goes to the extent of all the claims in the patent; that is, that they must be regarded, as against him, as being valid to the extent for which those claims were allowed in the granting of the patent. And under the circumstances I apprehend that the same estoppel will apply to those who are associated with Mr. Lister in the corporation which he has been the principal promoter in forming, the defendant corporation, and the parties now associated with him in manufacturing and putting upon the market the device which is claimed to infringe this patent of the complainant. Otherwise the rule of estoppel in such cases would be of no avail, because a party could easily avoid it by taking to himself associates as partners, or especially by forming a corporation, which, at the present time, is as readily formed as a partnership, bringing in other persons who, if they were separate from him, would not be bound by the estoppel. I think the rule that was stated in the Pendergast Case (Continental Wire Fence Co. v. Pender-

gast [C. C.] 126 Fed. 381) and in the case decided by Judge Lowell (Mellor v. Carroll [C. C.] 141 Fed. 992) is undoubtedly a correct one, and that in all such cases an estoppel applies.

So, as to the validity of this patent, I think that upon this hearing there need be no further examination; that the court must regard the patent, as against the defendants in this case, as valid. But before preliminary injunction can issue the court must be satisfied, not only of the validity of the patent as against the defendants, but also as to the fact of the infringement. That is a more serious question on this hearing, because it cannot be disposed of upon any such rule as the other question of the validity can be. These devices are very similar as they are constructed by the complainants and by the defendants at the present time, but they are not in either case pioneer inventions. Conveyors more or less similar to these have been in use for the purpose for which these are used for a long time for various uses and purposes, and the most that any inventor could obtain recently would be a patent for what might be called an improvement, or a change, and for substantially the particular machine which he invented, and which would cover what would be substantial equivalents of such invention. Also the estoppel would apply so far as the defendants are concerned, I apprehend, to the machine as it was made by the complainants with Lister at the time that Lister sold the patent to the complainants. If they had made any variation from the description of the claims of the patent, I am inclined to think that the machine as it was being made by them at the time that the patent was sold would be considered to be a machine that was covered by the patent which he transferred. But, of course, that estoppel would not then apply to any one else, and right here arises a question as to what its effect would be as to this other claimed invention of Mr. Hiller under which he obtained a patent. Certainly, if he had no connection with Mr. Lister at that time, he was perfectly free, as anybody else, to invent some other machine coming as near as he saw fit to the machine of the complainant, if he avoided infringing, and to obtain a patent for it; and if he obtained such a patent upon an application upon what he had done prior to any connection that he had with Mr. Lister, I am inclined to think that his rights would not be cut off by any business connection he might afterwards make with Mr. Lister. And if it was a valid patent, one that did not infringe the patent of complainant, then this company that was formed, with Mr. Lister as one of the members and promoters, would have the right to manufacture it.

Now, the serious question in the case is whether it is perfectly clear that this patented machine manufactured by the defendants at the present time does infringe upon the complainant's patent. There are very strong similarities between them, even the appliance which is described in the letters patent of the complainant and that which is described in the letters patent of Mr. Hiller; but there are also diversities in the construction, from the fact that the sides are different, one of them having only one and the other two rails on each side on which the wheels rest, and the fact that Mr. Hiller also describes and claims, or describes at any rate, the ball bearings on the wheels, which are not described in the patent of the complainant, and there may be some

question as to whether the side rails described in the complainant's patent and this manufactured by the defendants are mechanical equivalents—the single side rails in Hiller's patent for the double side rails that are described in the patent of the complainant. In each case they serve the same purpose. They support the wheels, and the weight, of course, that is carried on the wheels. Whether one could be called the mechanical equivalent of the other, as they are constructed, I do not know that I should feel able to say with entire confidence. I am inclined to think that that matter is a subject of sufficient doubt, so that it should be left until a fuller hearing.

I will deny the motion.

Mr. Paul: As to both defendants, your honor? Are we not entitled to a preliminary injunction as against Mr. Lister?

The Court: I think it will have to include all the defendants.