ROYAL SALES CO. v. GAYNOR et al.

(Circuit Court, S. D. New York. September 22, 1908. On Rehearing, October 6, 1908.)

1. COPYRIGHTS—SUBJECT OF COPYRIGHT—MONOGRAM.

Defendant copyrighted a book describing a monogram used on a campaign badge, which was sold pinned to the book, and assigned the copyright, which was subsequently acquired by complainant. Held, that the copyright did not cover the monogram, which was not a subject of copyright.

[Ed. Note.—Matter subject to copyright, see note to Cleland v. Thayer, 58 C. C. A. 273.]

2. COURTS—FEDERAL COURTS—JURISDICTION.

Where plaintiff sues to enjoin the infringement of an alleged copyright by the person who assigned the same to him, but the matter was not subject to copyright, he cannot claim that defendant, as assignor, was estopped from alleging that the federal court had no jurisdiction because the copyright which he sold did not cover the matter in question, and where there is no requisite diversity of citizenship his bill will be dismissed.

On Rehearing.

**3. SAME.**
    Where the jurisdiction of a federal court in a suit depends entirely up-
    on the alleged infringement of a copyright, and the thing so alleged to
    be infringed is not within the copyright laws, no estoppel on the part of
    defendant to deny such fact can confer jurisdiction.

Duncan & Duncan, for the motion.
Robert W. Hardie, opposed.

WARD, Circuit Judge.   September 14, 1908, an order to show cause
why a preliminary injunction should not issue in this case was grant-
ed, returnable on the 15th, and on that day the defendant filed a de-
murrer to the bill, and also answering affidavits.   The demurrer and
motion were argued together, and as the question in dispute will cease
to be of the slightest importance to either party after election day,
November 3d, it is desirable to determine their rights at once.   I will
not discuss the many questions arising under the demurrer, because
the disposition which I feel compelled to make of the motion would
be the same, were the bill amended to cover all objections.

The bill is filed solely upon the copyright assigned by the defend-
ant Gaynor to the complainant's assignor.   It is for a book entitled

which describes a monogram composed of the letters
"T A F T," and explains the many names, words, phras-
es, and ideas associated with Mr. Taft which are ab-
breviated in it, of which a list is given; that it also con-
tains the initials of Mr. Roosevelt; the cross, the emblem
of Christianity; the mystical number, 7; and the im-
portant words, "You" and "I."   Badges of the design of
the monogram are sold pinned to the booklet.

Taft
Four Years

The defendant Gaynor after this sale copyrighted another booklet,
called "Republican Platform Planks," and is selling pinned with it a
badge in the form of the monogram described in the first copyrighted
booklet.   I am satisfied from the affidavits that Gaynor, who is a
registered attorney in the Patent Office, assured the complainant and
its assignor that the copyright which he was selling did cover the mak-
ing and selling of this monogram; that all parties understood the chief,
if not the sole, value of the transaction was in the exclusive right to
make, use, and sell the monogram in the present presidential cam-
paign; and that Gaynor, in making and selling a similar badge with
his subsequent copyrighted booklet, is acting in bad faith.

The complainant contends that Gaynor, as assignor, is estopped from
alleging that the copyright which he sold does not cover the monogram
and the making of the badges in question, citing Marvel Co. v. Pearl
(C. C.) 114 Fed. 946, and Hurwood Manufacturing Co. v. Wood (C.
C.) 138 Fed. 835.   In those cases the patents expressly covered the
subject in dispute, and the court held that the defendant, as assignor,
was estopped from saying in the first case that the patent did not, and
in the second from so narrowly construing his own specifications as
to destroy or impair what he had sold.

But the copyright under consideration is for the book, and not for
the monogram, and I think the monogram is not a subject within the

copyright law. If it were, any one could get, by means of a copyright, what would be substantially a patent for a design for a longer term and upon payment of less fees than Rev. St. U. S. 4929–4933 (U. S. Comp. St. 1901, pp. 3398, 3399), prescribes in the case of design patents. Therefore the estoppel upon Gaynor depends, if at all, upon general principles of equity, and cannot give the court jurisdiction in this case, in the absence of the requisite citizenship of the parties. It is as if one were to ask the court, in a suit brought upon a patent for a machine, to enjoin because of his assignor's bad faith in the publication of a book. The complainant's remedy, if any, must be sought in the courts of the state.

The motion is denied.

### On Rehearing.

At the request of complainant's counsel I have received additional briefs from the parties and have reconsidered the case, but without coming to a different conclusion. The complainant has cited many decisions relating to estoppel upon assignors of patent rights, but in every one the subject-matter involved was within the patent law. In this case the booklet was copyrighted, which no doubt covered everything it contained which was a subject-matter of the copyright law. The validity of the copyright is not questioned; but the monogram was not a "cut, print, or engraving," the only words of the copyright law appropriate to it, because it was not a pictorial illustration "connected with the fine arts," as required by Act June 18, 1874, c. 301, § 3, 18 Stat. 79 (U. S. Comp. St. 1901, p. 3412). If a copyrighted book contained a cut of an ordinary coffee mill or kitchen range, it would be no infringement to reproduce the cut or actually to make the article. The jurisdiction of the court depends solely upon copyright, and no estoppel upon defendants can extend its jurisdiction to a subject not within the copyright law.

Motion for rehearing denied.