**JACKSON v. QUICKSLIP .CO., Inc.**
**No. 242.**

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

Albert J. Fihe, of Chicago, Ill., and Sydney G. Berry, of New York City, for appellant.

Maxwell E. Sparrow and Philip Davis, both of New York City, for appellee.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The action is for infringement of copyright on a greeting card and for unfair competition. The card is of such a shape that when folded it has the outline of a travelling bag, but in two dimensions only. One side is printed to look like a bag, with a tag "It's in the bag," and with "Greetings from Chicago", or some other city. The opposite side has spaces for a postage stamp, for the name and address of the person to whom the card is sent, and for the name of the sender; it also has a picture of a jockey on a horse, with the words "They're off." On opening the card one finds a pair of doll's rubber pants pasted to the card. The card is supposed to amuse sender and recipient. It seems to have had a measure of popularity.

The defendant's card is in general similar to Jackson's. It too is cut and folded so as to resemble a travelling bag, and a pair of doll's rubber pants are fastened inside the folded card. In details it is different. The card is much larger, and the bag is of different appearance. The defendant's card does not have Jackson's slogans, nor does it show the racing picture. The defendant proved that a greeting card shaped like a travelling bag was not original with Jackson. A year or two earlier a concern in California had put out a greeting card resembling a travelling bag and designed to be mailed, with the words "It's

in the bag"; on the inside of the card humorous suggestions for travelling were printed. The picture of the bag was precisely like Jackson's in outline and printing.

We assume that Jackson's card may be deemed enough of a book and Jackson enough of an author to warrant copyright. Rule 4, Copyright Rules, 17 U.S.C.A. following section 53. We also give his card the benefit of the rule that courts do not examine a copyrighted work for intrinsic worth or merit. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460.. But the degree of protection afforded by the copyright is determined by what is actually copyrightable in the card and not by its entire contents. American Code Co. v. Bensinger, 2 Cir., 282 F. 829; Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 119 A.L.R. 1250. The rubber pants inside the folded card were not within the copyright, either of themselves or as a component part of the card. While the idea of fastening such an article to a greeting card may have been original with Jackson, there was nothing of literary or artistic production in the pants, any more than in a cigar or a safety pin attached to a card. There is no copyright for toys, badges or similar apparatus, alone or fastened to a book. Rule 12, Copyright Rules, 17 U.S.C.A. following section 53; Royal Sales Co. v. Gaynor, C.C., 164 F. 207; Hollinrake v. Truswell [1894] 3 Ch. 420. As for the picture of a travelling bag the copyright gave Jackson no monopoly. That feature was not created by him, but was duplicated directly from another card. There remain only the racing picture and the slogans on a greeting card. The defendant has not copied these and so has not infringed. There being no infringement, we are not called upon to say whether the notice of copyright with date of 1938 instead of 1937 resulted in loss of copyright.

On unfair competition there is reason to believe that the defendant took the general idea of its greeting card from the card put out by Jackson. But that much it was entitled to do, in the absence of patent or copyright infringement. See Cheney Bros. v. Doris Silk Corporation, 2 Cir., 35 F.2d 279. As to details there is no imitation, no palming off. The case fails on unfair competition.

The judgment will be affirmed.