**BIBBERO SYSTEMS, INC., Plaintiff,**

v.

**COLWELL SYSTEMS, INC., Defendant.**

**No. C 87–6145 TEH.**

United States District Court,
N.D. California.

Feb. 29, 1988.

Anthony B. Diepenbrock and Katherine C. Spelman, Townsend & Townsend, San Francisco, Cal., for plaintiff.

Robert E. Freitas, Matthew D. Powers and Peter Simshauser, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant.

ORDER

THELTON E. HENDERSON, District Judge.

This matter comes before the Court on plaintiff's motion for a preliminary injunc-

tion and defendant's cross-motion for summary judgment. The Court has carefully considered the parties' papers, without oral argument of counsel. Good cause appearing, the Court denies plaintiff's preliminary injunction motion, and grants summary judgment for the defendant.

*Factual Background.*

Plaintiff, Bibbero Systems, Inc. ("Bibbero"), designs and markets "clinical record" systems for use by health care professionals. In 1984, Bibbero developed a form, termed a "superbill", which is the subject of this litigation. The superbill is a one page form containing spaces on the top of the page for patient information, and a chart below containing lists of procedures and diagnoses to be performed by doctors. The form is designed so that a doctor may write in a fee for the services next to the applicable space, and check a box for the applicable diagnosis. The completed form is then sent to the patient's insurer.

In October, 1987, the U.S. Copyright Office issued a Certificate of Registration (hereafter "copyright") for this form. During that same time period, Bibbero discovered that defendant Colwell Systems, Inc. ("Colwell") had photocopied the superbill, removed the notice of the copyright, and advertised the form in its fall catalogue. Bibbero promptly filed a complaint against Colwell, alleging copyright infringement, and now moves for a preliminary injunction to enjoin Colwell from marketing the duplicated superbill. Colwell opposes the motion and moves for summary judgment, asserting, *inter alia,* that the copyright is invalid. For the reasons stated below, the Court agrees that the copyright is invalid, and therefore grants summary judgment to defendant.

*Legal Standard.*

■ Bibbero correctly argues that the copyright, issued by an agency with expertise, is presumptively valid. 17 U.S.C. § 401(c) states that a "[c]ertificate of registration shall constitute *prima facie* evidence of the validity of the copyright."

This presumptive validity is rebuttable, but the party opposing the copyright "must meet a very high burden of proof to overcome that presumption." *Freedman v. Select Information Systems, Inc.,* 221 U.S. P.Q. 848, 850, 1983 WL 270 (N.D.Cal.1983). However, that burden is not insuperable, and courts frequently deny copyright protection for authors who have been issued certificates. *See, e.g., Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980).

■ Colwell advances several arguments to rebut this presumption, but one is particularly compelling: blank forms are not copyrightable.[1] 37 C.F.R. 202.1(c) bars copyright protection for "[b]lank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information." This regulation codifies the Supreme Court's opinion in *Baker v. Selden,* 101 U.S. 99, 107, 25 L.Ed. 841 (1880), holding that "blank account-books are not the subject of copyright." The Ninth Circuit adheres to the rule that blank forms are not copyrightable unless they provide information. *See, e.g., Edwin K. Williams & Co. v. Edwin K. Williams & Co.–East,* 542 F.2d 1053, 1060–1061 (9th Cir.1976), *cert. den'd* 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977). Colwell argues that *Baker* and the regulation bar copyright protection for this blank form, asserting that the form is designed exclusively to record information. In response, Bibbero argues that the regulation is inapplicable, contending that the form does convey information and is similar to several other forms which have been granted a copyright.

Cases interpreting the "blank-form" rule and its "information conveyance" exception do not form a consistent line of reasoning. In *M.M. Business Forms Corp. v. Uarco, Incorporated,* 472 F.2d 1137, 1139 (6th Cir. 1973), the court denied a copyright for a

---

**1.** Since the invalidity of the copyright is dispositive, the Court will not address the other arguments raised by Colwell.

form prepared for television repairmen which contained spaces for lists of repairs and their costs. Similarly, in *Januz Marketing Communications, Inc. v. Doubleday & Co., Inc.,* 569 F.Supp. 76, 81 (S.D.N.Y.1982), the court denied a copyright for a "time log" chart which graphed hours in the business day on the vertical axis, and the day's "project and activities" on the horizontal axis. In contrast, in *Harcourt, Brace & World, Inc. v. Graphic Controls Corp.,* 329 F.Supp. 517, 522 (S.D.N.Y.1971), the court granted a copyright for an answer sheet to a standardized test. Similarly, in *Norton Printing Co. v. Augustana Hospital,* 155 U.S.P.Q. 133, 135 (N.D.Ill. 1967), the court granted a copyright for a form used to record medical laboratory tests.

These cases, and others cited by the parties, do not yield a test that establishes when blank forms convey sufficient information to be copyrightable. Instead, the courts recognize that their determinations must be based almost exclusively on the facts before them. Based on the facts presented here, the Court concludes that this form does not convey information under 37 C.F.R. 202.1(c). First, despite Colwell's argument that the superbill is a blank form, Bibbero never states what information the form is designed to convey. Second, the form is designed for doctors to check off particular procedures and diagnoses performed. The form itself does not advise doctors on what services to provide; it merely records the procedures and diagnoses that doctors perform. The form is a conduit, and not a cornucopia, of information.

Moreover, the principal case relied upon by Bibbero, *Norton Printing, supra,* has not been embraced by this Circuit, and appears to conflict with *Baker, supra.* The *Norton* court upheld the copyright of a form that records laboratory tests. That court noted that the blank form rule has been criticized as unfairly denying protection to those who design, arrange, and compile forms, even though that work may require considerable ingenuity and effort. 155 U.S.P.Q. at 134, citing Nimmer on Copyright, § 37.31, at 153 (1966) (new edi-

tion § 218[C] at 2.202–2.202.1) The court then held that since the form contains numerous categories of laboratory examinations, it "serves to convey information as to the types of tests to be conducted and the information which is deemed important." 155 U.S.P.Q. at 135. As Colwell argues, the expanded exception put forth by this reasoning would effectively swallow the blank form rule. All forms designed to record information call the recorder's attention to only certain categories of relevant information. Bibbero's form, for example, contains boxes for some illnesses, and does not contain boxes for others. Thus, the form might arguably "convey" the information that certain illnesses are more common than others. If the mere presence and absence of certain illnesses conveys information under 37 C.F.R. 202.1(c), then practically all forms designed to record particular categories or types of information may be deemed to convey information. The blank form rule would cease to apply to a large number of cases. In the absence of clear guidance from a higher court, this Court will not eviscerate a long-standing Supreme Court holding, now codified in the federal regulations.

Since the Court has determined that the form is not copyrightable as a matter of law, and Bibbero has based its action solely on copyright infringement, it is appropriate to enter summary judgment for Colwell. *See, e.g., M.M. Business Forms, supra,* 472 F.2d at 81, denying preliminary injunction and dismissing copyright infringement action when the copyright was invalid. This case is therefore dismissed; each side shall bear its own costs.

IT IS SO ORDERED.