SHEPLERS CATALOG SALES, INC., a Kansas Corporation, and Sheplers, Inc., a Kansas Corporation, Plaintiffs,

v.

OLD WEST DRY GOODS CORP., d/b/a Old West Outfitters, a New Jersey Corporation, Defendant.

Civ. A. No. 92–2264–GTV.

United States District Court, D. Kansas.

Aug. 17, 1993.

---

Don M. Bradley, Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, KS, for plaintiffs.

Thomas J. Koehler, Levy and Craig, P.C., Kansas City, MO, Patrick D. Tobia, Clemente, Dickson & Mueller, Parsippany, NJ, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on defendant's Motion to Dismiss for Failure to State a Claim (Doc. 17). Plaintiffs have responded (Doc. 22) and oppose the motion. For the reasons stated in this memorandum and order, the motion is granted in part and denied in part.

This is a copyright and unfair trade practices case which arises from allegations by plaintiffs Sheplers Catalog Sales, Inc., and Sheplers, Inc., ("Sheplers") that defendant Old West Dry Goods Corporation ("Old West") substantially reproduced Sheplers' Order Form and Ordering Information in one of Old West's mail order catalogs. Both parties are engaged in the dissemination of mail order western wear catalogs.

On July 29, 1992, the parties appeared before this court on plaintiffs' application for a temporary restraining order. The court denied the request and scheduled a preliminary injunction hearing for July 31, 1992. Plaintiffs then withdrew their request for a preliminary injunction, apparently based upon defendant's representations that its new catalog would contain an order form and ordering information which would be substantially different from the allegedly infringing form and information previously used. Defendant has now filed this motion to dismiss alleging that plaintiffs have failed to state a claim for copyright infringement or unfair competition.

## I. STANDARDS FOR MOTION TO DISMISS

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and

the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## II. COPYRIGHT CLAIM

The Copyright Act of 1976 gives a holder of a registered copyright a right to sue. 17 U.S.C. § 501(b). In order to prevail on a claim for copyright infringement, a plaintiff must show that (1) he or she possesses a valid copyright, and (2) that it has been infringed by the defendant. *Financial Control Assoc. v. Equity Builders,* 799 F.Supp. 1103, 1114 (D.Kan.1992). Infringement has generally been shown when a plaintiff produces evidence of access to the copyrighted work as well as a substantial similarity between the copyrighted work and the allegedly infringing work. *Kregos v. Associated Press,* 731 F.Supp. 113, 116 (S.D.N.Y.1990), *rev'd in part,* 937 F.2d 700 (2d Cir.1991).

In the present case, defendant argues that plaintiffs have failed to state a claim for copyright infringement because their order form and ordering information are not copyrightable as a matter of law. "The mere fact that a work is copyrighted does not mean that every element of the work may be protected.... [C]opyright protection may extend only to the components of a work that are original to the author." *Feist Pub. v. Rural Tele. Serv.,* 499 U.S. 340, ——, 111 S.Ct. 1282, 1285, 113 L.Ed.2d 358 (1991). Defendant specifically argues that the order form and ordering information are not copyrightable pursuant to a rule known as the "blank form doctrine."

Although issues of access to a copyrighted work and substantial similarity between works have been generally considered questions of fact, summary judgment has been granted as a matter of law when the substantial similarities are of non-copyrightable elements only. *Kregos,* 731 F.Supp. at 117 (citations omitted). Here, plaintiffs obtained a certificate of registration for their catalog from the Copyright Office. The issuance of a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to defendant to prove that the copyright is not valid. *Bibbero Sys., Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104, 1106 (9th Cir.1990). The issue for the court to decide is whether defendant has shown that the blank form doctrine applies to make plaintiff's order form and ordering information non-copyrightable in the present case such that plaintiffs have failed to state a claim.

The blank form doctrine arises from an 1879 case where the Supreme Court held that blank bookkeeping forms were not copyrightable. *Baker v. Selden,* 101 U.S. 99, 25 L.Ed. 841 (1879). The doctrine is now codified as part of the copyright regulations set forth at 37 C.F.R. 202.1: "The following are examples of works not subject to copyright ... (c) Blank forms, such as ... order forms and the like ... which are designed for recording information and do not in themselves convey information." Under this doctrine, a blank form which is designed to merely record information is generally not copyrightable. *See Kregos,* 937 F.2d at 708. However, courts have also held that there can be protectable elements in forms which include considerable blank space. *Id.* (citations omitted). "There is widespread agreement that a work containing a blank form may be copyrightable because of protectable elements of the textual matter accompanying the form." *Id.* at n. 5.

Here, plaintiffs argue in the alternative that their order form and ordering information are entitled to protection as an integrated work, or, the ordering information is entitled to protection as a separate work. Plaintiffs argue that their order form and ordering information are copyrightable because they display sufficient creativity and convey information, as opposed to merely recording information. In support of their arguments, plaintiffs rely primarily on *Kregos v. Associated Press,* 937 F.2d 700 (2d Cir.1991), a case where baseball pitching statistic forms were determined to convey sufficient information to warrant copyright protection, and *Norton Printing Co. v. Augustana Hosp.,* 155 U.S.P.Q. (BNA) 133, 134, 1967 WL 7487

(N.D.Ill.1967), where a court concluded that the format and arrangement of hospital forms conveyed information in itself.

On the other hand, defendant contends that plaintiffs' order form falls under the realm of the blank form rule, and that plaintiffs' ordering information fails to qualify as text which could make both the form and information copyrightable. Specifically, defendant argues that in light of *Bibbero Sys., Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104 (9th Cir.1990), and *M.M. Business Forms Corp. v. Uarco, Inc.,* 472 F.2d 1137 (6th Cir.1973), this court should conclude that the order form is simply a blank form designed for recording information only, and that plaintiffs' ordering information text lacks the requisite creativity which would bring the work under copyright protection.

In *Bibbero,* the Court of Appeals for the Ninth Circuit held that billing forms used by doctors to obtain reimbursement from patients' insurers were not copyrightable as a matter of law. 893 F.2d at 1107–08. The court also held that the "text with forms" exception to the blank forms rule was inapplicable to that case. *Id.* The text which Bibbero claimed brought their forms under the exception were words identifying categories on the form, and accompanying instructions on completing and mailing the form. The *Bibbero* court distinguished that case from other "text with forms" cases such as *Edwin K. Williams & Co. v. Edwin K. Williams, Etc.,* 542 F.2d 1053, 1060–61 (9th Cir.1976), where an account book with multiple pages of instructions and advice on successful business management were included with numerous blank forms was found to be an integrated, copyrightable work. In contrast, the text in *Bibbero* was characterized by the court as "too simple to be copyrightable." 893 F.2d at 1108.

In *M.M. Business Forms,* legal forms which paraphrased legal language and phrases already in the public domain were found to lack the requisite creativity to merit copyright protection. 472 F.2d at 1139. Like the simple instructions in *Bibbero,* the court in *M.M. Business Forms* concluded that the legal language at issue in that case simply lacked the minimal spark of creativity necessary for copyrightability. *See also, Morrissey v. Procter & Gamble Co.,* 379 F.2d 675, 678 (1st Cir.1967) (court held instructions to sweepstakes contest were so straightforward and simple that they were non-copyrightable).

The court concludes that even assuming all facts alleged in the complaint as true, and giving plaintiffs the benefit of all reasonable inferences, plaintiffs' claim for copyright infringement must be dismissed for failure to state a claim upon which relief can be granted. The order form at issue is clearly the type of blank form designed merely for recording information contemplated in 37 C.F.R. 202.1 which is non-copyrightable as a matter of law. The minimal text on the face of the order form is insufficient to bring it within the "text with forms" exception to the blank form doctrine. *See Bibbero,* 893 F.2d at 1107–08. The court finds that *Norton Printing* case unpersuasive and against the weight of authority on the blank form doctrine.

Further, the court concludes that the ordering information which accompanies the order form lacks the requisite creativity to merit copyright protection either as a separate work or as an integrated work with the order form. The court realizes that the amount of creativity necessary to warrant creativity is low, "even a slight amount will suffice." *Feist Publications,* 499 U.S. at ——, 111 S.Ct. at 1285. Here, however, the court concludes that the ordering information is more closely akin to the simple instructions considered by the *Bibbero* court and the contest instructions in *Morrissey* than the baseball statistics in *Kregos* or the pages of business advice contained in the accounting books of *Edwin K. Williams.* Plaintiffs' ordering information merely includes instructions on how to mail in an order, shipping information, instructions on ordering a gift certificate or obtaining a refund which could be found in any other mail order catalog printed. The ways in which a purveyor of a mail order catalog can express such information would seem to be extremely limited and plaintiff cannot appropriate this particular form of expression. *See Morrissey,* 379 F.2d at 678–79.

Accordingly, the court finds that plaintiffs' order form and ordering information are on their face not the type of expression entitled to copyright protection. Therefore, defendant's motion to dismiss plaintiffs' copyright claim for failure to state a claim is granted.

## III. UNFAIR COMPETITION CLAIM

■ Plaintiffs have also brought a claim in this action for unfair competition. Specifically, plaintiffs claim that defendant's actions in allegedly copying their order form and ordering information constitute false designation of origin under section 43 of the Lanham Act, 15 U.S.C. § 1125, in that recipients of both catalogs are likely to believe that there is some affiliation between the defendant and plaintiffs due to the similarity of their order forms and ordering information.

In its motion to dismiss, defendant simply states that because plaintiffs have failed to state a claim for copyright infringement, they have likewise failed to state a claim for unfair competition. However, defendant has made no argument beyond that one conclusory sentence in its brief. The court has not been presented with any argument from which it could conclude beyond a doubt that the plaintiffs can prove no set of facts in support of this theory of recovery that would entitle them to relief. Therefore, defendant's motion to dismiss plaintiffs' claim for unfair competition cannot be granted and is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's Motion to Dismiss (Doc. 17) is granted in part and denied in part.

**IT IS SO ORDERED.**